## YOUNG, State Commissioner of Mississippi, *v.* CROSSGROVE, Administrator.

Where the maker of a note was, before its execution and until his death, a resident of this
State, and his succession was opened, and all of his available property situated, here, the
fact that the note was dated and payable in another State, will not, in an action on the note
against his succession here, make the case an exception to the general rule that the *lex fori*
governs prescription.

A note made payable to certain commissioners, and not to them or their order, though it con-
tain the words "payable and negotiable at the bank of M* * *, at N," is not a negotiable
instrument, and, consequently, not prescribed by five years under art. 3505 C. C. *Per
Curiam:* The words *negotiable at &c.*, being joined to the word *payable*, must be considered
as referring to the place of payment, and perhaps to the currency usual there.

To ascertain whether an instrument is prescribed by our laws, its character must be deter-
mined with reference to our own jurisprudence.

APPEAL from the District Court of Concordia, *Farrar*, J.
*H. A. Bullard* and *Frost*, for the plaintiff. *Thomas*, *Snyder*, *Stacy*
and *Sparrow*, for the defendant, contended: 1st. That the note was pre-
scribed by six years under the stat. of Mississippi. 2d. That all claims

YOUNG
v.
CROSSGROVE.

against the succession of the deceased person not presented &c., within eighteen months after publication of notice for that purpose, are declared by section ninety-two of the act of 1821 (H. & H. Dig, 413), "to be for ever barred, and the estate of the testator, or intestator," "discharged." Administration was taken in Adams county, Mississippi, on the 5th April, 1840, and the printer's receipt, in June, 1840, shows that advertisement had been made. 3d. That the note was made "payable and negotiable at the Planters' Bank of the State of Mississippi, at Natchez;" and, as such, is a negotiable note transferable by endorsement, and was prescribed by the prescription of five years. C. C. art. 3505. "In order to make a promissory note negotiable, it is not essential that it should in terms be payable to order or bearer; any other equivalent expression, clearly demonstrating the intention to make it negotiable, will be of equal force and validity." See Story on Notes, s. 44.

The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. This suit is brought upon a note by which *Harrison, Gibson & Harris*, bound themselves *in solido*. It is dated and payable in Natchez, and fell due on the 5th September, 1839. This suit was brought, and citation was served, in November, 1846.

The defendant relies on three prescriptions : I. The. prescription of six years by the laws of Mississippi. This cannot avail him. *Gibson* was, before the execution of the note, and so continued until his death, a citizen and resident of Louisiana; his succession was opened here, and all his available property was situated here. Under these circumstances there can be no reason for making this case an exception to the general rule, that the law of the forum regulates prescription.

II. It is urged that, by the laws of Mississippi, all claims against the succession of a deceased person not presented within eighteen months after publication of notice for that purpose, are declared to be forever barred, and the estate of the testator or intestator discharged. It was very forcibly argued, on the part of the plaintiff, that *Gibson's* succession was opened in Louisiana, the State of his domicil, and in which all of his available property was situated ; that the administration subsequently opened in Mississippi was merely auxilliary, and for the purpose of enabling the administrator to prosecute a chose in action there, acknowledged in the petition for letters to be of equivocal value, the pursuit of which was subsequently abandoned, so that not a dollar was ever realized there. Under such circumstances, it would have been a vain thing on the part of the creditor to take proceedings there; and it would seem that his rights against the principal administration in this State should not be affected by his inaction in Mississippi. But however this may be, it is not satisfactorily proved that proper publication was made in Mississippi according to the requisitions of her statutes, and there is, therefore, no legal basis for this branch of the defence.

III. It is said that the claim is barred by the prescription of five years, under article 3505 of our Code. That prescription is applicable to negotiable instruments, and we do not consider the note in question as falling under that denomination. The note is payable to the commissioners of the sinking fund, and not to them or their order. The defendant, however, contends that the negotiable character of the instrument is demonstrated by the subsequent expressions, " payable and *negotiable* at the Planters' Bank of the State of Mississippi, at Natchez." In this view we do not concur; the expressions, we think, point to the place of payment. They are very common in ordinary notes, which are promissory notes in the proper sense, by being made payable to order. The very frequent use of this phrase in instruments negotiable by their tenor, shows that

the words in question are not commonly used for the purpose of designating the character of the obligation. In that sense they would, as ordinarily used, be surplusage.

Besides the word, if construed in the sense contended for, would present an anomalous and unusal contract—"negotiable at the Planters' Bank"—that is to say—if you endorse it at the Planters' Bank, the party taking will be an endorsee, but if you endorse it any where else, he will be a mere transferee.

The proper meaning of the expression is best ascertained by the application of the rule *noscitur a sociis*, and, being joined to the word payable, it is to be considered as pointing to the place of payment, and perhaps to the sort of currency usual at the place.

For the purpose of pescription we have construed the character of the instrument with reference to our own jurisprudence. See the case of *Lacoste* v. *Benton*, 3 An. p. 220. *Judgment affirmed.*